UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY NORTHOVER,

                Petitioner,

   v.

UNITED STATES OF AMERICA,

                Respondent.

No. 22-CV-8944 (KMK)
No. 11-CR-630 (KMK)
OPINION & ORDER

Appearances:

ATTORNEY NAME, Esq.
LAW FIRM
New York, NY
*Counsel for Plaintiff*

KENNETH M. KARAS, United States District Judge:

    Movant, currently incarcerated at FCC Coleman, brings this pro se motion under 28 U.S.C. § 2255, seeking to challenge his conviction and sentence entered in *United States v. Anthony Northover*, No. 11-CR-630 (S.D.N.Y. Feb. 18, 2015). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

    Movant seeks to challenge his conviction and sentence. The Court's records show that Movant has filed a previous motion for relief under § 2255 challenging the same conviction and sentence. *See Northover v. United States*, No. 22-CV-8944, 2019 WL 6173704 (S.D.N.Y. Nov. 19, 2019). Because Movant's previous motion under § 2255 was decided on the merits, this application is a second or successive motion. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

Before a second or successive § 2255 motion is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Movant must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.

## Conclusion

The Clerk of Court is directed to mail a copy of this order to Movant. In the interest of justice, the Court transfers this Motion under § 2255 to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (per curiam). This order closes this case. If the Court of Appeals authorizes Movant to proceed in this matter, he shall move to reopen this case under this civil docket number.

As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See* Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   February 14, 2023
         White Plains, New York

                                                  _____
                                                       KENNETH M. KARAS
                                                       United States District Judge